STATE OF MAINE                                  SUPERIOR COURT
ANDROSCOGGIN, SS.                               CIVIL ACTION
                                                DOCKET NO. CV-08-106
                                                TED -AND- 5/4/2010

RECEIVED & FILED

MAY 04 2010

ANDROSCOGGIN
SUPERIOR COURT

JENNYLEE GRIFFIN,

            Plaintiff

    v.                                          DECISION AND JUDGMENT

CENTRAL MAINE MEDICAL CENTER,

            Defendant

## I. NATURE OF CASE

This is an action for personal injuries that plaintiff suffered when she slipped and fell in the main lobby of the High Street entrance at Central Maine Medical Center. She claims that the floor was wet and slippery or that there was water there that caused her to fall resulting in a significant injury to her left wrist.

## II. FINDINGS OF FACT

The incident occurred shortly before 7:00 p.m. on October 20, 2006.[1]

At the time, Ms. Griffin was employed at the Cloud 9 Day Spa as a cosmetologist. At the end of the work day on Friday, October 20, she went to CMMC with a couple of co-workers to set up an exhibit booth for Cloud 9 for a women's health fair to be held the next day.

There is no dispute that it rained extremely hard all day on October 20.

When Ms. Griffin arrived with her co-workers they parked under an overhang, def. ex. #2, 3, and 4, to be sheltered from the rain as they carried things inside. This was at the main entrance at 12 High Street, one of several entrances to get to various areas of

---

[1] The facts set out by the court constitute findings by a preponderance of evidence unless otherwise stated.

the hospital. A person enters the hospital at this location from the covered drop-off area, through an outer doorway, and across a metal grate where water, snow, and ice, that is tracked in, can drain and not accumulate. Def. ex. 5 and 6. Ms. Griffin then went through an inner set of doors into the lobby approximately 35 feet from a bank of elevators. Def. ex. 7 and 8.

The plaintiff is not exactly sure where she fell in the lobby area, def. ex. 1, but states she was carrying things in with her co-workers. As she headed to the elevator she "did not see any standing water." When she went in, she did not know if the bottom of her sneakers were wet, but after she fell she noticed that her "bottom and leg were wet."

There were no floor signs to warn anybody about wet floors and no mats to collect water or to prevent a slip.

A co-worker, Angie Lynn Lafayette, who was with Ms. Griffin, saw her fall. She did not see any water on the floor before the fall, but did see some water, "more than a footprint," after the fall.

The hospital has standard procedures regarding floor conditions in public areas. The hospital security staff makes regular rounds of all areas, including public areas to make sure that there are no conditions that might be a hazard. On the day in question, the staff was aware of the heavy rain and was vigilant on their security rounds to look for wet spots. The log sheet for October 20, def. ex. 10, shows that "patrol/checks" were made at 6:18 p.m. and 6:28 p.m. to 6:40 p.m. It is not known at exactly what time the check was made of the lobby area where Ms. Griffin fell, but staff was alert to the situation and did not notice any potential hazard prior to the fall.

Daniel Beaule was the security supervisor on duty at the time of plaintiff's fall. In addition, there were three other security officers, a dispatcher at the switchboard,

2

and two others who would rotate in and out on patrol. There is no predictable pattern for the patrols, but the 12 High Street lobby had more patrols than other areas because it is an entrance. While on patrol, the officers are to be observant for hazards with lighting, doors, rails, and walk areas, and to make note of any unsafe conditions. If an officer observes water in any area, the standard protocol is to block the area, report it to environmental services (housekeeping), and to remain there until the area is cleaned up.

Prior to the plaintiff's fall, there had been no reports of water on the floor.

After the report of the fall, Beaule went to the High Street lobby and met with the plaintiff who complained to him of pain "in the left wrist and some swelling was obvious." Beaule inspected the area of the fall and "observed that the floor was dry" and took a photo of the area. Def. ex. 9.

After speaking with Ms. Griffin, Beaule placed a "wet floor sign in the area to remind others that their footwear may be wet from the outside." Def. ex. 9.

The hospital is aware that the tile floor in this area can be wet at times when people track in snow, slush, ice, sand, and salt during the winter. During these times, beginning about mid-November, or at the first sign of snow, heavy rubber-backed mats are placed in the area. See pl. ex. 4 and 5, and def. ex. 7. The mats are not utilized when they are not needed, because they are a trip hazard in themselves and must be secured with duct tape.

### III. NEGLIGENCE

The law of Maine for premises liability is well-settled: The owner of a building has a duty to use reasonable care to maintain the premises in a reasonably safe condition. In order to prove that the defendant was at fault, the plaintiff must prove by a preponderance of evidence that:

3

1.  The condition of the lobby floor (wet/water) created a foreseeable risk of injury;

2.  that the defendant caused the floor to be wet; or,

3.  the defendant had actual knowledge that the floor was wet; or

4.  the floor had been wet or that there was water on the floor for such a length of time that the defendant should have known about it; or

5.  the floor was wet or water was present as a result of a recurrent condition that was foreseeable and created a risk of injury.

*See* Alexander, *Maine Jury Instruction Manual*, § 7.63, Slip and Fall, Foreign Substance.

If we use a standard for ice and snow rather than a foreign substance, the test is similar; however, when the condition is one that arises as a result of weather, the law recognizes that the owner of the premises must have notice, or a reasonable opportunity to get notice, of the condition and a reasonable opportunity to take appropriate steps to correct or warn of the condition. *See Budzko v. One City Ctr. Assoc., L.P.*, 2001 ME 37, 767 A.2d 310; *Poulin v. Colby Coll.*, 402 A.2d 846 (Me. 1979); *Isaacson v. Husson Coll.*, 297 A.2d 98 (Me. 1972); and Alexander, *Maine Jury Instruction Manual*, § 7-64, Snow and Ice.

## IV. DISCUSSION

There is no evidence that the defendant caused the floor to be wet or that the hospital had actual knowledge that the floor was wet or that water present on the floor.

Security officers were conducting regular patrols and safety checks at reasonable intervals. Even if water was present, or the floor was wet from some cause other than wetness on plaintiff's own footwear, the court finds that the plaintiff has not proven by a preponderance of evidence that it was present for such a duration that the defendant knew or should have known about it.

In winter time when snow, ice, slush, sand, and salt remain on the ground for substantial periods, the hospital places mats to deal with that recurrent condition, but

4

because the mats are themselves a trip hazard, especially for people with mobility problems that come to the hospital, it is reasonable to limit their use to times when they are needed on a more regular basis.

## V. CONCLUSION/JUDGMENT

The court finds that on the evening of October 20, 2006, notwithstanding the continuing heavy rain, that the defendant was not negligent. The clerk shall make the following entry as the judgment of the court:

- Judgment for defendant Central Maine Medical Center on plaintiff JennyLee Griffin's complaint.

- No costs are awarded.

SO ORDERED.

DATED: May 4, 2010

Thomas E. Delahanty II
Justice, Superior Court

5

JENNYLEE GRIFFIN  - PLAINTIFF

Attorney for: JENNYLEE GRIFFIN
CHRISTIAN J LEWIS  - RETAINED 06/11/2008
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065


vs
CENTRAL MAINE MEDICAL CENTER - DEFENDANT
,
Attorney for: CENTRAL MAINE MEDICAL CENTER
STEPHEN WADE  - RETAINED 06/26/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

Attorney for: CENTRAL MAINE MEDICAL CENTER
JAMES E BELLEAU  - RETAINED 06/26/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2008-00106

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 06/11/2008

## Docket Events:

06/11/2008 FILING DOCUMENT - COMPLAINT FILED ON 06/11/2008

06/11/2008 Party(s):  JENNYLEE GRIFFIN
          ATTORNEY - RETAINED ENTERED ON 06/11/2008
          Plaintiff's Attorney: CHRISTIAN J LEWIS

06/11/2008 Party(s):  JENNYLEE GRIFFIN
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/11/2008
          REQUEST FOR PRODUCTION OF DOCS INTERROGATORIES PROPOUNDED TO DEF AND DESIGNATION OF EXPERT
          WITNESS SERVED ON CMMC ON 6/9/08

06/11/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 06/11/2008

06/30/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
          ATTORNEY - RETAINED ENTERED ON 06/26/2008
          Defendant's Attorney: STEPHEN WADE

06/30/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
          ATTORNEY - RETAINED ENTERED ON 06/26/2008
          Defendant's Attorney: JAMES E BELLEAU

06/30/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/26/2008

07/01/2008 ORDER - SCHEDULING ORDER ENTERED ON 06/30/2008
JOYCE A WHEELER , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

07/01/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/02/2009

07/28/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/28/2008
DEF'S OBJECTIONS AND RESPONSES TO PLT'S FIRST REQUEST FOR PRODUCTION OF DOCS SERVED ON
CHRISTIAN LEWIS ESQ ON 7/24/08

08/01/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2008
DEF'S INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCS PROPOUNDED ON PLT SERVED ON
CHRISTIAN LEWIS ESQ ON 7/31/08

08/01/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2008
DEF'S OBJECTIONS AND ANSWERS TO PLT'S FIRST SET OF INTERROGATORIES SERVED ON CHRISTIAN
LEWIS ESQ ON 7/31/08

08/07/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/17/2008
THROUGH LYNDA BENAK

08/07/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/06/2008

08/21/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/21/2008
NOTICE TO TAKE ORAL DEPO PURSUANT TO RULE 30 (B)(6) SERVED ON STEPHEN WADE ESQ ON 8/13/08

08/21/2008 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 08/21/2008
ADR IS SET FOR 10/15/08 WITH J. PETER THOMPSON ESQ. AS MEDIATOR

08/26/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/26/2008
DEF'S OBJECTIONS TO DEPO NOTICE OF CMMC SERVED ON CHRISTIAN LEWIS ESQ ON 8/25/08

08/29/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 08/28/2008
REC'D 09-04-08: OBJECTION FILED.

09/02/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/02/2008
PLT'S ANSWERS TO DEF'S INTERROGATORIES AND PLT'S RESPONSE TO DEF'S REQUEST FOR PRODUCTION
OF DOCS PROPOUNDED UPON THE PLT SERVED ON STEPHEN WADE ESQ ON 8/29/08

09/17/2008 HEARING - 26(G) CONFERENCE HELD ON 09/17/2008
JOYCE A WHEELER , JUDGE
Defendant's Attorney: JAMES E BELLEAU
Plaintiff's Attorney:  CHRISTIAN J LEWIS

PLAINTIFF'S AND DEFENDANT'S DEPO WILL BE TAKEN ON THE SAME DAY BUT PLAINTIFF'S DEP WILL BE TAKEN BEFORE DEFENDANT'S DEPO.  COPIES TO COUNSEL ON 9-17-08

09/23/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/23/2008
NOTICE TO TAKE ORAL DEPO SERVED ON STEPHEN WADE ESQ ON 9/19/08

09/24/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/24/2008
DEF'S NOTICE TO TAKE ORAL DEPO OF PLT SERVED ON CHRISTIAN J LEWIS ESQ ON 9/23/08

09/25/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/25/2008
JOYCE A WHEELER , JUDGE

10/02/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/01/2008
DEF'S AMENDED NOTICE TO TAKE ORAL DEPO OF PLT SERVED ON CHRISTIAN LEWIS ESQ ON 10/01/08

10/03/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/03/2008
NOTICE TO TAKE ORAL DEPO SERVED ON STEPHEN WADE ESQ ON 10/01/08

10/15/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/15/2008
SUPPLEMENT TO PLT'S RESPONSE TO DEF'S REQUEST FOR PRODUCTION SERVED ON STEPHEN WADE ESQ ON 10/13/08

10/17/2008 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/17/2008
ADR HAS BEEN RESET TO 11/13/2008 WITH J. PETER THOMPSON ESQ AS MEDIATOR.

10/17/2008 Party(s):  JENNYLEE GRIFFIN,CENTRAL MAINE MEDICAL CENTER
LETTER - FROM PARTY FILED ON 10/17/2008
PARTIES AGREE THAT THE DEADLINE FOR ADR SHOULD BE EXTENDED TO 11/24/08

11/14/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/13/2008
NOTICE TO TAKE ORAL DEPO OF STEVE HOLMAN SERVED ON STEPHEN WADE, ESQ. ON 11/11/2008

11/14/2008 Party(s):  JENNYLEE GRIFFIN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/13/2008
NOTICE TO TAKE ORAL DEPO OF DANIEL BEAULE SERVED ON STPHEN WADE ESQ ON 11/11/08.

11/19/2008 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 11/19/2008
JOYCE A WHEELER , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO PARTIES/COUNSEL

11/19/2008 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/19/2008

12/23/2008 Party(s):  CENTRAL MAINE MEDICAL CENTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/23/2008
DEFS'S SECOND REQUEST FOR PRODUCTION OF DOCS DIRECTED TO PLT SERVED ON CHRISTIAN J. LEWIS, ESQ. ON 12/22/2008.

12/26/2008 Party(s): CENTRAL MAINE MEDICAL CENTER
MOTION - MOTION TO AMEND PLEADING FILED ON 12/23/2008
TO AMEND ANSWER WITH SUPPORTING MEMORANDUM OF LAW

01/27/2009 Party(s): CENTRAL MAINE MEDICAL CENTER
MOTION - MOTION TO AMEND PLEADING GRANTED ON 01/27/2009
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL

02/13/2009 Party(s): JENNYLEE GRIFFIN
DISCOVERY FILING - NOTICE OF DEPOSITION FILED ON 02/13/2009
OF MIKE BARNIES

03/05/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 03/05/2009

03/13/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/13/2009
THOMAS E DELAHANTY II, JUSTICE

03/19/2009 Party(s): JENNYLEE GRIFFIN
OTHER FILING - WITNESS LIST FILED ON 03/18/2009
PLT'S

03/19/2009 Party(s): JENNYLEE GRIFFIN
OTHER FILING - EXHIBIT LIST FILED ON 03/18/2009
PLT'S

04/01/2009 Party(s): JENNYLEE GRIFFIN
OTHER FILING - WITNESS LIST FILED ON 04/01/2009
PLT'S AMENDED

05/07/2009 ORDER - PRETRIAL/STATUS ENTERED ON 05/05/2009
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

05/07/2009 TRIAL - BENCH SCHEDULED FOR 06/02/2009

05/20/2009 Party(s): CENTRAL MAINE MEDICAL CENTER
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 05/20/2009
DEF'S

05/26/2009 Party(s): CENTRAL MAINE MEDICAL CENTER
OTHER FILING - TRIAL BRIEF FILED ON 05/26/2009
DEFENDANT

05/27/2009 Party(s): JENNYLEE GRIFFIN,CENTRAL MAINE MEDICAL CENTER
OTHER FILING - STIPULATION FILED ON 05/26/2009
TO: COPIES OF MEDICAL RECORDS AND BILLS IN LIEU OF ORIGINALS, MEDICAL RECORDS ARE ADMITTED
INTO EVIDENCE AND MEDICAL BILLS ARE ADMITTED INTO EVIDENCE.

06/04/2009 Party(s): JENNYLEE GRIFFIN
OTHER FILING - TRIAL BRIEF FILED ON 06/03/2009

Printed on: 05/14/2010

06/08/2009 Party(s):  JENNYLEE GRIFFIN
          OTHER FILING - TRIAL BRIEF FILED ON 06/08/2009
          PLT FIRST SUPPLEMENT TO PLT'S TRIAL BRIEF

06/11/2009 TRIAL - BENCH HELD ON 06/09/2009
          THOMAS E DELAHANTY II, JUSTICE
          Defendant's Attorney: STEPHEN WADE
          Plaintiff's Attorney:  CHRISTIAN J LEWIS
          MARC FRENETTE, ESQ. FOR DEFENDANT  TAPE 321 IN 1671-END TAPE 323 1-3078  OPENING ARGUMENTS
          MADE.  TESTIMONY GIVEN.  CLOSING ARGUMENTS HELD.  MATTER TAKEN UNDER ADVISEMENT.

06/11/2009 CASE STATUS - DECISION UNDER ADVISEMENT ON 06/10/2009
          THOMAS E DELAHANTY II, JUSTICE

01/25/2010 OTHER FILING - OTHER DOCUMENT FILED ON 01/25/2010
          LETTER FROM MICHAEL WELCH, ESQ. RE: DECISION

05/05/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/04/2010
          THOMAS E DELAHANTY II, JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

          ORDER - COURT JUDGMENT ENTERED ON 05/04/2010
          THOMAS E DELAHANTY II, JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL
          Judgment entered for CENTRAL MAINE MEDICAL CENTER and against JENNYLEE GRIFFIN. THE COURT FINDS
          THAT ON THE EVENING OF OCTOBER 20, 2006, NOTWITHSTANDING THE CONTINUING HEAVY RAIN, THAT THE
          DEFENDANT WAS NOT NEGLIGENT.  THE CLERK SHALL MAKE THE FOLLOWING ENTRY AS THE JUDGMENT OF THE
          COURT:  JUDGMENT FOR DEFENDANT CENTRAL MAINE MEDICAL CENTER ON PLAINTIFF JENNYLEE GRIFFIN'S
          COMPLAINT.  NO COSTS AWARDED.  COPIES TO PARTIES ON 5-4-10.


05/05/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 05/05/2010


A TRUE COPY
ATTEST:  _____
                    Clerk